UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDGAR J. DIETRICH, et al,

       Plaintiffs,

v.                                           Case number. 07-11325
                                             Honorable Julian Abele Cook, Jr.

AQUA-GOLD, INC, et al,

       Defendants.

## ORDER

On March 27, 2007, the Plaintiffs[1] filed a Complaint against the Defendants,[2] in which they collectively set forth claims of (1) a breach of contract, (2) an innocent misrepresentation, (3) a fraudulent misrepresentation, (4) a conspiracy, (5) an unjust enrichment, (6) the commission of predatory lending practices, as well as (7) a variety of violations of the Uniform Securities Act, the Michigan Consumer Protection Act and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). On July 10, 2007, the Defendant, Aqua-Gold, Inc., filed a motion in which it petitioned the Court to (1) abstain from hearing any of the Plaintiffs' state law claims, and (2) enter an order of dismissal of the RICO charge in the Complaint, citing Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b) as the bases for its request.[3] As an alternative measure of relief, Aqua-Gold has requested

---

[1] The Plaintiffs have been identified as Edgar Dietrich and Bay Valley Harbor Apartments.

[2] The Defendants in this cause are Aqua-Gold, Thomas P. Meyer, Thomas Kenny, and Prime Financial, Inc.

[3] Fed. R. Civ. P. 9(b) reads as follows:
In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

the Court to require the Plaintiffs to resubmit their claims with greater particularity and sufficiency.

I.

In essence, it is the contention of the Plaintiffs that they were victimized by, and sustained financial losses as the result of, a wide variety of the Defendants' fraudulent investment schemes involving a Nevada-based gold mining business enterprise, commercially known as "Aqua-Gold." Fed. R. Civ. P. 12(b)(6)[4] permits the dismissal of an allegation if it appears that an aggrieved party has failed to state a claim upon which relief can be granted. When determining the outcome of a motion under this specific federal rule, a court must construe all of the factual allegations in a light that is most favorable to opposing party. *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir. 1993). However, a claim should not be dismissed unless it can be demonstrated that the aggrieved party cannot prove a set of facts to support his/her position. *Id.*

When pleading a claim pursuant to Fed. R. Civ. P. 9(b), a plaintiff must set forth a cause of action with reasonable particularity which should include such relevant matters as the time, the place, as well as the content of the alleged misrepresentation upon which victim relied. *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 321 (6th Cir. 1999) (citing *Coffey v. Foamex L.P.,* 2 F.3d 157, 161-62 (6th Cir. 1993)). Moreover, charges of fraudulent misrepresentations "must be made with sufficient particularity and with a sufficient factual basis

---

[4] Fed. R. Civ. P. 12(b)(6) reads as follows:
Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . .(6) failure to state a claim upon which relief can be granted [,]. . . . If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

to support an inference that they were knowingly made. *Id.* In essence, such allegations must put the alleged tortfeasor on sufficient notice of the claim. *Coffey,* 2 F.3d at 162.

Here, Aqua-Gold, with recognition of the nearly ten separate causes of action which have been proffered by the Plaintiffs in the Complaint, submit that they have failed to articulate their claims with any reasonable clarity, as required by the Federal Rules of Civil Procedure. In support of its position, Aqua-Gold points to the Plaintiffs' claims of innocent misrepresentation, fraud, conspiracy to defraud, as well as their charges under the RICO statute as being deficient in its content.

In addressing the RICO accusation, Aqua-Gold proclaims that the Plaintiffs have neglected to plead all of the necessary allegations which include recitations of the predicate acts within the requisite statute of limitations. Furthermore, Aqua-Gold maintains that to the extent that the Plaintiffs' allegations of fraud and conspiracy to defraud are incorporated by reference as a basis for obtaining relief under the RICO claim, these accusations are conclusory, perfunctory, and fail to plead the specific details of the alleged misrepresentations. On the other hand, the Plaintiffs' maintain that they have stated a valid and unambiguous claim for each of the counts within their Complaint. Moreover, they disagree with Aqua Gold, contending that their Complaint articulates detailed allegations which provide each of the Defendants with sufficient notice of every claim.

When considering the factual allegations in a light most favorable to the opponents of this motion, the Court concludes that the Plaintiffs have articulated claims which have been pled with such sufficient clarity that they cannot be considered to be "conclusory or perfunctory." At the very least, these accusation provide the Defendants with notice of the claims that have been alleged against them.

II.

Aqua-Gold submits that, with the exception of those counts which pertain to the RICO, securities fraud, common law fraud, and conspiracy to defraud charges, the remaining allegations within the Complaint articulate claims which should be addressed only by a state court. Noting that there is no diversity between the parties in this lawsuit,[5] Aqua-Gold urges the Court to abstain from hearing any of these state law issues. The Plaintiffs challenge these arguments, submitting that the federal jurisdiction over the issues in this lawsuit is not based on the existence of the diversity citizenship between the parties. Rather, they maintain that the federal jurisdiction in this case is based upon the Defendants' violations of the Securities Litigation Uniform Standards Act, 15 U.S.C. § 77(a), and RICO, 18 U.S.C. § 1961.

The parties are correct when they argue that there is no diversity of citizenship between the parties to the lawsuit. However, in noting that a federal question has been raised by the Plaintiffs, the Court concludes that it does have jurisdiction to preside over all of the pending claims, notwithstanding the existence of the various state law claims in the Complaint.

III.

For the reasons that have been stated above, Aqua-Gold's motion must be, and is, denied.

IT IS SO ORDERED.

Dated: August 6, 2007  s/ Julian Abele Cook, Jr.
      Detroit, Michigan  JULIAN ABELE COOK, JR.
                                         United States District Court Judge

---

[5] Aqua-Gold asserts that the Defendants are residents of the State of Michigan and, accordingly, there is no diversity between the parties in this lawsuit.

<u>Certificate of Service</u>

       I hereby certify that on August 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

<u>s/ Kay Alford</u>
Courtroom Deputy Clerk
