UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EDGAR J. DIETRICH and BAY VALLEY
HARBOR APARTMENTS,

               Plaintiffs,                     Case number 07-11325

v.                                       Honorable Julian Abele Cook, Jr.

AQUA-GOLD, INC., THOMAS P. MEYER,
THOMAS KENNY, and PRIME FINANCIAL,
INC.,

               Defendants.


<u>ORDER</u>

This litigation involves accusations by the Plaintiffs[1] that the Defendants[2] engaged in a

variety of tortious and contractual misdeeds, all of which caused both of them to sustain a

substantial amount of unwarranted damages.[3]  The Plaintiffs have now submitted a motion to the

Court, in which they collectively seek to obtain leave from the Court to amend their complaint that,

if granted, would include an additional Defendant, Casper P. Connolly ("Connolly").  In seeking

to obtain a modification of their complaint, the Plaintiffs assert that they have uncovered a

document which allegedly indicates that Connolly "owns 14.33% of the stock in Aqua-Gold and

---

[1]The Plaintiffs in this matter are Edgar J. Dietrich and Bay Valley Harbor Apartments.

[2]The Defendants in this cause are Aqua-Gold, Inc. ("Aqua-Gold"), Thomas P. Meyer,
Thomas Kenny, and Prime Financial, Inc.

[3]In their complaint, the Plaintiffs attribute their claims for damages to the Defendants for
the following reasons: (1) breach of contract, (2) innocent misrepresentation, (3) fraudulent
misrepresentation, (4) conspiracy, (5) an unjust enrichment, (6) the commission of predatory
lending practices, and (7) violations of the Uniform Securities Act, the Michigan Consumer
Protection Act, and the Racketeer Influenced and Corrupt Organizations Act.

has exercised control over Aqua-Gold and its operations." They also submit that an Aqua-Gold prospectus describes Connolly as a "Principal" within its corporate structure along with the other Defendants, Thomas P. Meyer and Thomas Kenny. Pointing to their allegations of fraudulent activities by the current Defendants, the Plaintiffs maintain that "it is proper and necessary that a person who exercise[d] significant control over Aqua-Gold be included as a party."

Notwithstanding the Plaintiffs' assertions of wrongdoing, Connolly has emphatically denied the Plaintiffs' contention that he was a principal of Aqua-Gold. Further, it is his contention that his sole involvement in the claimed misadventures by the Defendants "was limited to that of a scrivener." Furthermore, he submits that his inclusion in this litigation as a named party would be "extremely prejudicial" because the Plaintiffs' proposed claim against him is "in excess of ten (10) years old."

Fed. R. Civ. P. 15(a)(2) provides, in pertinent part, that courts "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 20(a)(2)[4] allows parties to be joined to an action as defendants whenever the parties are related to the case by a common question of law and a common transaction.

Here, the Plaintiffs' allegations regarding Connolly's involvement in Aqua-Gold indicate that he should be joined as a Defendant in this case pursuant to Fed. R. Civ. P. 20(a)(2) because the activities which have been attributed to him were allegedly connected to the transactions and/or occurrences that allegedly produced the harm about which they have complained. Furthermore,

---

[4]Fed. R. Civ. P. 20(a)(2) states the following: "Defendants. Persons — as well as a vessel, cargo, or other property subject to admiralty process in rem — may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

the Plaintiffs have maintained that Connolly's role in this case involves "question[s] of law or fact common to all defendants . . . in the action." Fed. R. Civ. P. 20(a)(2).

Turning to Connolly's arguments (to wit, that he would be unfairly prejudiced if the Plaintiffs are permitted to amend their complaint by adding him as a Defendant), the Court does not find them to be persuasive. Finally, the Court believes that the issue of whether Connolly was a principal of Aqua-Gold is a factual one which should be determined at a later stage in this litigation.

For the reasons that have been stated above, the Court believes that the issues which have been raised by the parties should be resolved in this judicial forum. Hence, the Plaintiffs' application for leave to amend their complaint to add Connolly as a Defendant to this action is granted. Fed. R. Civ. P. 15(a)(2). They shall have a period of ten (10) days from the date of the entry of this order in which to file an amendment to their complaint. Should the Plaintiffs fail or neglect to strictly file their amended complaint within the designated period of time, and in the absence of an order of modification from the Court, this order shall become void ab initio.


IT IS SO ORDERED.


Dated:  July 11, 2008                          s/ Julian Abele Cook, Jr.
        Detroit, Michigan                      JULIAN ABELE COOK, JR.
                                               United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 11, 2008.

                                               s/ Kay Alford
                                               Case Manager