UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDGAR J. DIETRICH and BAY VALLEY
HARBOR APARTMENTS,
          Plaintiffs,

v.                                                                 Case number 07-11325

AQUA-GOLD, INC., THOMAS P. MEYER,         Honorable Julian Abele Cook, Jr.
THOMAS KENNY, PRIME FINANCIAL, INC.,
and CASPER P. CONNOLLY.
          Defendants.

ORDER

This is a case in which the Plaintiffs[1] complain that they suffered a variety of economic damages as the result of the Defendants'[2] (1) violations of their contractual obligations, (2) innocent misrepresentations, (3) fraudulent misrepresentations, (4) acts of conspiracy, (5) unjust enrichment, (6) commission of predatory lending practices, and (7) violations of the Uniform Securities Act, the Michigan Consumer Protection Act, and the Racketeer Influenced and Corrupt Organizations Act. On February 7, 2008, the Plaintiffs filed a motion in which they collectively seek to obtain leave from the Court to amend their complaint "to include additional factual allegations and counts." In support of their second request to amend the complaint,[3] the Plaintiffs cite to Fed.

---

[1]The Plaintiffs are Edgar J. Dietrich and Bay Valley Harbor Apartments.

[2]The Defendants, who have been named in this cause, are Aqua-Gold, Inc., Thomas P. Meyer, Thomas Kenny, and Prime Financial, Inc. On July 30, 2008, the Court ordered that this case be stayed following its receipt of information that Thomas P. Meyer had instituted voluntary bankruptcy proceedings.

[3]On July 11, 2008, the Court granted the Plaintiffs' first motion to amend their complaint by adding Casper P. Connolly as additional Defendant in this case.

1

R. Civ. P. 15(a)(2) which states, in pertinent part, "a party may amend its pleading [in all instances not covered by Fed. R. Civ. P. 15(a)(1)] only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Plaintiffs seek to add to their complaint the following allegations:

    a.    facts regarding the inner-workings of [] Aqua-Gold Inc[.] and the malfeasance of the corporate officers, directors, and principals; and

    b.    [a]dditional counts for conversion, breach of fiduciary duty, accounting fraud/ commingling, and a derivative claim on behalf of the corporation.

They claim that "[a]t the time this action was filed in March 2007, Plaintiffs' counsel did not understand the full scope of the corporate malfeasance conducted by Aqua-Gold and its officers, directors, and principals." The Plaintiffs has proffered the Court with numerous factual allegations that they wish to add to their complaint as well as such other causes of action as conversion (including conversion of intangible property rights), breach of fiduciary duty, accounting fraud/ commingling funds, and "a derivative claim on behalf of the corporation."

In keeping with the spirit of Fed. R. Civ. P. 15(a)(2), the Court is urged to consider, among other things, whether (1) there has been an unwarranted delay in seeking leave to amend the pleadings, (2) the amendment, if granted, would be futile, and (3) the opposing party would be prejudiced by the proposed amendment. *Wade v. Knoxville Utils. Bd.,* 259 F.3d 452 (6$^{th}$Cir. 2001).

An examination of the record reveals that the Defendants' answers to the complaint were not filed until August 2007. On October 22, 2007, this Court stayed the case for sixty days in order to allow one of the Defendants, Thomas Kenny, to retain a substitute counsel. With recognition that the Plaintiffs were precluded from filing their request for an amendment during the two-month stay, the Court concludes that this motion was not unduly delayed because only five months has

passed since the Defendants formally responded to the allegations within the complaint. Noting that the alleged acts of conversion, breach of a fiduciary duty, accounting fraud, and the Plaintiffs' derivative claim on behalf of a corporation are legally cognizable causes of action, the Court believes that the addition of these new counts (as well as new factual allegations) to the complaint would not be futile under the *Wade* standard. Finally, the Court also determines that the Defendants would not be unduly prejudiced by the proposed amendment of the complaint. Significantly, none of the Defendants have submitted pleadings in opposition to this pending motion by the Plaintiffs as of this date.

For the reasons that have been stated above, the Court grants the Plaintiffs' request for leave to file a second amended complaint to add additional factual allegations. Fed. R. Civ. P. 15(a)(2). The Plaintiffs shall have a period of ten (10) days from the date of the entry of this order in which to file their second amended complaint.

IT IS SO ORDERED.

Dated: August 29, 2008　　　　　　　　　　　　s/ Julian Abele Cook, Jr.
　　　　Detroit, Michigan　　　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 29, 2008.

　　　　　　　　　　　　　　　　　　　　　　　　s/ Kay Alford
　　　　　　　　　　　　　　　　　　　　　　　　Case Manager